UNITED STATES, Appellant

v.

ROBERT SHELTON, Sergeant, U. S. Marine Corps, Appellee

4 USCMA 352, 15 CMR 352

No. 4363

Decided May 21, 1954

LCDR Robert R. Marsh, USNR, for Appellant.
LCDR Benjamin H. Berry, USN, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This case is before us on certificate from The Judge Advocate General of the Navy and presents the same issue as that raised in United States v. Wellman, 4 USCMA 348, 15 CMR 348, decided this date.

The accused was tried by general court-martial upon four charges. He entered pleas of guilty to Charges I, II and IV, but pleaded not guilty to Charge III, which included two specifications alleging desertion with intent to remain away permanently. The first specification involved a period of absence from March 31, 1953, until his apprehension on May 28, 1953, while the second specification alleged desertion from May 29, 1953, until on or about July 7, 1953.

The prosecution presented its case by offering in evidence six entries from accused's service record. These consisted of (1) orders directing accused to report to the Marine Corps Forwarding Depot at Portsmouth, Virginia, on March 31, 1953; (2) a service record entry showing a change in accused's status to absent without authority on March 31, 1953; (3) an entry showing his apprehension and delivery to military police in Richmond, Virginia, on May 29, 1953; (4) an entry showing a change in his status to absent without authority on May 30, 1953; (5) an entry changing his status from absent without authority to duty on July 7, 1953, when he was admitted to the U. S. Naval Hospital at St. Albans, New York; and (6) orders dated May 29, 1953, to proceed from Richmond, Virginia, to Portsmouth, Virginia.

The trial procedure we set out in United States v. Wellman, supra, was also used in this case. Each of these entries or documents was submitted by trial counsel to defense counsel for the latter's inspection and possible objection with a comment that true copies would be furnished in lieu of the originals. In each instance defense counsel stated that he had no objection and the law officer announced that the offered document or entry would be received in evidence and that a true copy could be substituted therefor. Trial counsel read the relevant entries from the service record and the contents of the documents to the court-martial after they had been received in evidence, and certified copies of all were attached to the record of trial.

The accused was found guilty of all four charges and the specifications thereunder, except that, as to Charge III, by exceptions and substitutions, the offenses under both specifications were reduced to absence without leave. He was sentenced to receive a bad-conduct discharge, to forfeit $45.00 per month for twelve months, to be confined at hard labor for one year, and to be reduced to the grade of private first class. The convening authority approved the findings and sentence.

The board of review, basing its conclusion on a finding that there was no competent evidence in the record to support the convictions, set aside the

**353**

findings under Charge III and ordered that charge dismissed. However, the board of review members determined that the sentence as imposed and as approved by the convening authority was supported by the findings of guilty on the remaining charges and it was approved. The Judge Advocate General certified the case to this Court, requesting our determination as to whether the action of the board of review in setting aside the findings of guilty to Charge III was correct.

This case is controlled by our ruling in the companion case of United States v. Wellman, supra. Here, as in that instance, trial counsel produced documentary evidence. He offered it to defense counsel for inspection or objection, and, no objection having been interposed, the law officer stated that the evidence would be received. Trial counsel then read the contents of the documents to the court-martial members and certified copies of all exhibits were appended to the record. As stated in the Wellman case, that procedure is adequate to incorporate the contents of the documents as part of the record. Under such circumstances, there is no requirement that trial counsel be sworn as the documents, not the statements of counsel, support the findings.

Moreover, accused took the witness stand to testify on his own behalf. The information contained in ▪ the exhibits was corroborated in every detail by him. The only fact which he put in issue was the intent with which he went and remained absent. The court-martial members believed his testimony in this regard and reduced the charge from desertion to absence without leave.

The views we have announced require a holding that the board of review erred in setting aside the findings of guilty to Charge III and dismissing that Charge. The decision of the board of review is reversed and the case is remanded to The Judge Advocate General of the Navy for action consistent with the views expressed herein.

Chief Judge QUINN and Judge BROSMAN concur.